IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 92-8080
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANTONIO MARTINEZ-CORTEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Western District of Texas

_____

(April 13, 1993)

Before GOLDBERG, JOLLY, and WIENER, Circuit Judge:

WIENER, Circuit Judge:

In this appeal from the enhancement of his sentence under 18 U.S.C. § 924(e) for, inter alia, a prior burglary conviction, Defendant-Appellant Antonio Martinez-Cortez asserts that the evidentiary basis of the enhancement was insufficient under the United States Supreme Court's decision in United States v. Taylor. Although, under the requirements of the Taylor decision, we find error in the district court's acceptance of the government's evidence as adequate for enhancement, we do not find the enhancement to be reversible when we review the sentence under the standard here applicable. We therefore affirm the sentence as enhanced.

I

FACTS AND PROCEDURAL HISTORY

In December 1991, Martinez-Cortez was found guilty of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). In February 1992, he was sentenced by the district court to serve the maximum statutory term of incarceration (ten years). The district court enhanced Martinez-Cortez's sentence an additional five years pursuant to 18 U.S.C. § 924(e).[1]

Martinez-Cortez's Presentence Investigation Report (PSR) listed three prior convictions on which the district court relied in support of enhancement: (1) a 1959 conviction for assault with intent to rob; (2) a 1971 conviction for burglary of a habitation; and (3) a 1986 conviction for unlawful delivery of heroin. The government asserts that there were four prior convictions supporting enhancement: "assault with intent to rob, burglary, and two felony convictions for possession of a controlled substance, to wit: heroin." As an preliminary matter, Martinez-Cortez claims that one of the drug convictions that the government points to on appeal was for mere possession of heroin, and that this conviction does not support enhancement because it is not a "serious drug offense." Although Texas law classifies simple possession of heroin as a second-degree felony,[2] Martinez-Cortez avers correctly

---

[1] See 18 U.S.C.S. § 924(e)(Supp. 1992). Martinez-Cortez received a sentence of 180 months, which is to be followed by three years of supervised release.

[2] See TEX. HEALTH & SAFETY CODE ANN. §§ 481.032, 481.102, 481.115 (Vernon 1992).

that without "intent to distribute," a conviction for possession of a controlled substance does not qualify as a "serious drug offense" for purposes of enhancement.[3]  Our review of the record confirms that one of Martinez-Cortez's drug convictions was for "possession of a controlled substance" (no mention of intent to distribute). Consequently, this conviction cannot be used to support enhancement, and the government must succeed on the strength of the other three convictions or lose enhancement.

Sentence enhancement under § 924(e) requires three prior convictions of either "violent felonies" or "serious drug offenses."  That Martinez-Cortez's 1959 and 1986 convictions support enhancement under § 924(e) is not contested.  Moreover, Martinez-Cortez does not challenge the truth of the limited evidence in the PSR that he was convicted for burglary in 1971; he complains only that the district court erred in accepting that evidence as legally sufficient for purposes of enhancement.  And, as shall be explained below, it is both undisputed and central to the ultimate result of this appeal that at no time during the sentencing phase of his trial did Martinez-Cortez object either to the admission of the pre-sentence report or to the inclusion in that report of the statement regarding the 1971 burglary conviction.  He thus raises for the first time here the issue of sufficiency of proof of the burglary conviction to support enhancement of his sentence under § 924(e).

---

[3] See 18 U.S.C.S. § 924 (e)(2)(A)(ii).

3

II

ANALYSIS

A.  Standard of Review

    As Martinez-Cortez asserts, the general rule is that whether prior convictions have been proved sufficiently for purposes of sentence enhancement is a question of law; thus, review is de novo.[4]  In the instant case, however, it appears as above noted that Martinez-Cortez failed to object in any way during sentencing to the introduction of information regarding his prior burglary conviction.  As he failed to object, "[h]e may not raise an objection now . . . absent plain error."[5]

    This court has stated that "plain error" is error that "when examined in the context of the entire case, is so obvious and substantial that failure to notice and correct it would affect the fairness, integrity or public reputation of judicial proceedings."[6] "It is a mistake so fundamental that it constitutes a 'miscarriage of justice.'"[7]  When a new factual or legal error is raised for the first time on appeal, "plain error occurs whe[n] our failure to

---

    [4] United States v. Vidaure, 861 F.2d 1337, 1338 (5th Cir. 1988), cert. denied, 489 U.S. 1088 (1989); see United States v. Silva, 957 F.2d 157, 161 (5th Cir.), cert. denied, 113 S. Ct. 250 (1992).

    [5] United States v. Lopez, 923 F.2d 47, 49 (5th Cir.)(citing United States v. Brunson, 915 F.2d 942, 944 (5th Cir. 1990)), cert. denied, ___ U.S. ___, 111 S. Ct. 2032 (1991).

    [6] Id. at 50 (citing United States v. Guzman, 781 F.2d 428, 431-32 (5th Cir.), cert. denied, 475 U.S. 1143 (1986)).

    [7] Id. (citing Brunson, 915 F.2d at 944, and Matter of Johnson, 724 F.2d 1138, 1140 (5th Cir. 1984)).

4

consider the question results in 'manifest injustice.'"[8]


B.  Martinez-Cortez's Assertion of Error

   Martinez-Cortez's sole ground for appeal is that the district court erred in accepting the 1971 burglary conviction as supporting the § 924(e) enhancement.  Significantly, he does not assert that the information concerning that conviction, as set forth in the PSR, was inaccurate or that the burglary for which he was convicted was not the kind that can be used to support enhancement.  He rests his appeal entirely on the proposition that the government failed to present the kind of evidence of his burglary conviction that the Supreme Court has held to be required.  As such, he asserts, the district court erred in enhancing the sentence in reliance on the inadequate evidence that was presented.[9]

   None disputes that burglary is one of the "violent felonies" listed in § 924, the prior conviction of which supports enhancement.[10]  In Taylor v. United States,[11] however, the Supreme Court limited the use of state law burglary convictions in sentence enhancement when it recognized that among the several states burglary is defined in many different ways.  The Court then held

---

   [8] Id. (citing Self v. Blackburn, 751 F.2d 789, 793 (5th Cir. 1985)).

   [9] In oral argument, counsel for Martinez-Cortez at least impliedly conceded that the 1971 burglary conviction was of the type that supports enhancement.  He did not dispute the facts concerning the 1971 burglary conviction stated in the PSR.

   [10] See 18 U.S.C.S. § 924(e)(2)(B)(ii) (Supp. 1992).

   [11] 495 U.S. 575 (1990).

5

that only convictions for "generic" burglary could support § 924 enhancement. The Court then defined generic burglary:

> We conclude that a person has been convicted of burglary for the purposes of a § 924(e) enhancement if he is convicted of any crime, regardless of its exact definition or label, having the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime.[12]

To complete the picture the Court next identified the kind of proof required when the government seeks to use a state burglary conviction for purposes of a § 924(e) enhancement. In part IV of the Taylor opinion,[13] the Court held that the government could prove a prior conviction for committing a generic burglary by introducing (1) the fact of the prior conviction (presumably by introducing a certified or validated copy of the judgment) and (2) a true copy of the state statute under which the conviction was attained. Additionally, if the defendant had been convicted of burglary in a state where elements of the statutory crime corresponded to the Taylor court's definition of generic burglary (with minor variations in terminology), "then the trial court need find only that the state statute corresponds in substance to the generic meaning of burglary."[14] The Court thus found that "the only plausible interpretation of § 924(e)(2)(B)(ii) is that it generally requires the trial court to look only to the fact of conviction and

_____

[12] Id. at 599.

[13] Id. at 599-602.

[14] Id. at 599.

6

the statutory definition of the prior offense."[15]

Nevertheless, the _Taylor_ Court's pronouncement goes on to create one (but only one) tightly drawn exception to the "categorical approach" of looking only to the statutory definition of the prior conviction. In defining this sole exception, the Court stated:

> The categorical approach, however, may permit the sentencing court to go beyond the mere fact of conviction in a narrow range of cases where a jury was actually required to find all the elements of generic burglary. For example, in a State whose burglary statutes include entry of an automobile as well as a building, if the indictment or information _and_ jury instructions show that the defendant was charged with a burglary of a building, and that the jury necessarily had to find an entry of a building to convict, then the Government should be allowed to use the conviction for enhancement.[16]

Martinez-Cortez argues that to enhance his sentence under _Taylor_'s interpretation of § 924(e), the trial court must have before it either 1) proper copies of the statutes under which the defendant was previously convicted _or_ 2) the indictment _and_ the jury instructions under which the defendant was previously convicted. It follows, Martinez-Cortez asserts, that enhancement by the sentencing court in the absence of proof sufficient under one of the two alternative methods set out in _Taylor_ is an absolute nullity))i.e., that it is void ab initio and must be vacated. Although we agree with Martinez-Cortez's first assertion (that the government must produce proof meeting one of the two _Taylor_ options in order to obtain an enhancement), we disagree with his second

---

[15] _Id_. at 602.

[16] _Id_. (emphasis added)(footnote omitted).

7

assertion (that failure to do so produces a void rather than voidable sentence).

This court has interpreted the Taylor decision, and its prerequisites to sentence enhancement, in four cases. In three of the four, we affirmed the enhancement assessed by the district court. In United States v. Rodolfo Martinez,[17] we affirmed an enhancement of a sentence in which copies of the judgments of the prior convictions had been introduced to the trial court (the relevant penal code sections were cited to the district court by the government). In United States v. Silva,[18] we affirmed an enhancement that had been proved to the district court by the government's presentation of "certified copies of Silva's Texas state conviction records evidencing that he had two prior convictions for 'burglary of a habitation' and one prior conviction for 'burglary of a building' pursuant to Texas Penal Code § 30.02." And in United States v. Garza,[19] we affirmed a sentence enhancement that the government had proved by demonstrating that the burglary indictment under which the conviction was obtained was a "generic" burglary under Taylor.[20]

---

[17] 962 F.2d 1161, 1167-68 (5th Cir. 1992).

[18] 957 F.2d at 161.

[19] 921 F.2d 59, 60 (5th Cir.), cert. denied, 112 S. Ct. 91 (1991).

[20] In Garza this court rejected the prisoner's argument that, in light of Thomas, proof of the burglary conviction had to be offered with both the indictment and the jury instructions. The court reasoned that as there were situations in which there are no jury instructions but an enhancement would be proper (e.g., there are no jury instructions in a plea arrangement under

8

In the forth appeal in which we construed Taylor, we did reverse a sentence enhancement based on a prior conviction for "burglary." In United States v. Raul Martinez,[21] we rejected the government's argument that a prior conviction for attempted burglary satisfied both methods of proof allowed by Taylor. Under the first Taylor option, the elements of the attempted burglary statute facially were not the same as the "basic elements" of generic burglary. As to the second or alternative method of proof under Taylor, we stated:

> [T]he Government has not shown, by means of the charging papers or jury instructions from Martinez' prior convictions for attempted burglary, that entry into or remaining within the building was an element of Martinez' prior crimes. Indeed, the Government did not offer the charging papers or jury instructions from Martinez' prior convictions. In sum, the Government has not demonstrated that Martinez' prior convictions . . . satisfy the [Taylor] requirements . . . .[22]

For these and other reasons, we vacated Raul Martinez's sentence and remanded his case for re-sentencing.

---

FED. R. CRIM. P. 11), the court would not require the jury instructions when "the charging papers, the indictments, clearly reflect that [the] prior burglary convictions meet Taylor's generic burglary definition." Id. at 61. Even though the holding in Garza appears to disregard Taylor's conjunctive "and" (charging papers and jury instructions) in favor of the disjunctive "or," we note the subsequent concurrence in the disjunctive reading of the Taylor alternative by our colleagues on the Ninth Circuit. See United States v. Sweeten, 933 F.2d 765, 769-70 (9th Cir. 1991); United States v. Harkey, 923 F.2d 138, 138 n.1 (9th Cir. 1991). But see Taylor, 495 U.S. at 602 ("[A] sentencing court [may] go beyond the mere fact of conviction in a narrow range of cases where a jury was actually required to find all the elements of generic burglary. (emphasis added)); infra notes 23-28.

[21] 954 F.2d 1050 (5th Cir. 1992).

[22] Id. at 1053 (emphasis added).

In the instant case, as in <u>Raul Martinez</u>, the government prosecutor offered neither the charging papers nor the jury instructions from Martinez-Cortez's 1971 burglary conviction. Neither did the government offer a copy of the state burglary statute under which the defendant was previously convicted. In fact, the only evidence introduced by the government concerning the prior burglary conviction was a single, cryptic entry in the PSR, which stated:

> According to available reports, on February 7, 1971, a witness observed the Defendant enter an establishment through a window he had broken. The witness made a comment to Cortez and he approached her with an open knife and made threatening gestures to her. The witness left and called the Police Department. Police Officers apprehended Cortez and two other individuals, as they carried a typewriter and a camera. Officers also found an opened knife in Cortez' pants pocket.

Martinez-Cortez argues that, standing alone, that statement from the PSR could not provide an adequate basis under <u>Taylor</u>))either legal or factual))for the sentence enhancement. He insists, and we agree, that the kind of evidence specified by the <u>Taylor</u> Court for at least one of the two alternative but exclusive methods of proving generic burglary must be offered by the government. Here, we find beyond serious question that within its four corners the government's meager evidence of the 1971 burglary conviction did not even come close to meeting the clear requirements of either of the two exclusive alternative methods of proof of generic burglary set forth in <u>Taylor</u>.

Simply put, the <u>Taylor</u> decision dictates in scrupulous detail the exact kind of proof the government is required to introduce

10

when one or more of the prior convictions being used for enhancement is burglary; and here the government failed woefully to meet such requirements, just as it did in Raul Martinez. A single, second hand, non-specific hearsay statement, gleaned from an unidentified source and set forth in the PSR, has no resemblance whatsoever to the kind of evidentiary support required by the Court under Taylor for purposes of sentence enhancement. If Martinez-Cortez had objected and the government had failed to respond by adducing Taylor evidence, enhancement based on the 1971 "burglary" conviction would surely have been reversible error, leaving us no choice but to vacate Cortez's sentence and remand.

Disagreeing with our interpretation of Taylor, our specially concurring co-panelist "would read Taylor as requiring presentation of either the statute under which the defendant was previously convicted, or the indictment, or the bill of information, or any other form of equally reliable proof showing that the defendant indeed had committed a 'generic' burglary."[23] This is not a "reading" of Taylor; it is a re-writing of Taylor.

By his expansive "reading," our colleague would impermissably broaden Taylor to require the sentencing courts to engage in elaborate factfinding procedures, accepting "any . . . form of equally reliable proof [of the prior conviction]." Try as we might, we cannot square that stretch with Part IV of the Taylor opinion, in which the Court expressly rejects such free-wheeling factual determinations in favor of a "categorical approach" with

---

[23] Special Concurrence at 1-2 (some emphasis added).

11

but one tightly drawn exception.[24]  In <u>Taylor</u>, the unanimous Court stated: "The Courts of Appeals uniformly have held that § 924(e) mandates a formal categorical approach, looking only to the statutory definitions of the prior offenses and not to the particular facts underlying those convictions."[25]

The special concurrence also criticizes our decision for its refusal to accept "<u>Garza</u>'s path to common-sense interpretation of the Supreme Court's requirements in <u>Taylor</u>," arguing that "[i]n <u>Garza</u>, we rejected a literal reading of <u>Taylor</u> that <u>seemed</u> to require the presentation of both the indictments <u>and</u> the jury instructions."[26]  But the <u>Taylor</u> opinion does not "<u>seem</u>" to require such a conjunctive presentation; it expressly <u>requires</u> it.[27]  The

---

[24] <u>Taylor</u>, 495 U.S. at 600.

[25] <u>Id</u>. (citing, inter alia, <u>Vidaure</u>, 861 F.2d at 1340 (5th Cir. 1988)). The Court continued, stating that "[i]f Congress had meant to adopt an approach that would require the sentencing court to engage in an elaborate fact-finding process regarding the defendant's prior offenses, surely this would have been mentioned somewhere in the legislative history."  <u>Id</u>. at 601.

[26] Special Concurrence at 2 (some emphasis added).

[27] <u>See</u> <u>Taylor</u>, 495 U.S. at 602.  Moreover, because of its concern with unfettered factfinding by the sentencing court, the Court specifically rejected the proposition that enhancement based on the charging papers alone))<u>even in the case of a guilty plea</u>))could be sufficient, stating:
> [T]he practical difficulties and potential unfairness of a factual approach are daunting.  In all cases where the Government alleges that the defendant's actual conduct would fit the generic definition of burglary, the trial court would have to determine what that conduct was.  In some cases, the indictment or other charging paper might reveal the theory or theories of the case presented to the jury.  In other cases, however, only the Government's actual proof at trial would indicate whether the defendant's conduct constituted generic burglary.  Would the Government be permitted to introduce the trial transcript before the

Supreme Court clearly considered all of the arguments made in the special concurrence, and just as clearly (and unanimously) rejected them. Instead the Court adopted a "categorical approach" with its one exception. In a nutshell, neither we nor our co-panelist may wrap ourselves in the banner of "common sense" in order to depart from the clear and unambiguous language of a Supreme Court opinion.

The government insists (and our concurring colleague agrees) that the instant case is controlled by United States v. Fields.[28] Not so. In Fields, we held that a convicted felon whose sentence had been enhanced under § 924(e) could not challenge the evidentiary basis of the enhancement because "no objection to the report" had been made during the sentencing phase of the trial. We stated that "[a]s a result [of the lack of an objection], the report provided an adequate basis for the sentencing judge to

_____

sentencing court, or if no transcript is available present the testimony of witnesses? Could the defense present witnesses of its own and argue that the jury might have returned a guilty verdict on some theory that did not require a finding that the defendant committed generic burglary? If the sentencing court were to conclude, from its own review of the record, that the defendant actually committed a generic burglary, could the defendant challenge this conclusion as abridging his right to a jury trial? Also, in cases where the defendant pleaded guilty, there often is no record of the underlying facts. Even if the Government were able to prove those facts, if a guilty plea to a lesser nonburglary offense was the result of a plea bargain, it would seem unfair to impose a sentence enhancement as if the defendant had pleaded guilty to burglary.

Taylor, 495 U.S. at 601-02 (emphasis added).

[28] 923 F.2d 358, 360-61 (5th Cir.), cert. denied, 111 S. Ct. 2066 (1991).

13

determine that Fields had committed three prior felonies."[29]  The issue in Fields was one of reliability of the facially adequate evidence in the PSR.  Here, neither the reliability nor truth of the information in Martinez-Cortez's PSR is at issue; it is not even challenged as being unreliable.  Rather, the evidence of the subject burglary conviction is challenged as being legally inadequate under Taylor.

In relying on Fields, the presumption upon which the government's assertion here rests is that simple statements in the PSR can be adequate to prove a prior burglary conviction for purposes of a § 924(e) sentence enhancement.  Although we do not question that truism as an abstract statement, a straight-forward reading of Taylor eschews the applicability of any such presumption under the instant circumstances.  Taylor allows two))but only two))optional standards of proof of a prior burglary conviction to support enhancement under § 924(e).[30]  Introduction of nothing more

_____

[29] Id. at 361 (citing United States v. Ruiz, 580 F.2d 177, 177-78 (5th Cir.), cert. denied, 439 U.S. 1051 (1978)).

[30] Our co-panelist's special concurrence also finds support in Fields, stating that the issue in Taylor, like that in Fields, is merely reliability of the evidence presented to prove the prior conviction.  His argument that Fields applies in this case relies on the premise that "any other equivalent form of proof" is acceptable to prove the prior conviction.  Moreover, he argues that "[t]o say otherwise reduces Taylor to an arbitrary standard devoid of reason."  Special Concurrence at 3.  Our co-panelist is simply incorrect.  A rule that requires specific types of proof is not "devoid of reason" merely because the Supreme Court believed that extensive factfinding in the sentencing court would be inappropriate.  Although Fields held that the evidentiary basis of statements in a PSR cannot be challenged on appeal without a proper objection in the trial court, that holding has no relevance in a sentence enhancement case in which a PSR standing alone can never be adequate, under Supreme Court

than some undefined report from some unidentified source via the probation officer's second hand statement in a presentence investigation report obviously does not comply with either of _Taylor_'s two alternatives.[31] The fact that on appeal we cannot look behind the facts in a PSR which was not objected to at sentencing simply does not address, much less resolve, the challenge that the introduction of the PSR))even when accepted as true and reliable))is legally inadequate to prove that the crime of the prior conviction was generic burglary.

## C. The Effect of "Plain Error"

But as we have already noted, no contemporaneous objection was made to the introduction of the PSR in the district court or to its adequacy as proof of the prior burglary conviction for purposes of sentence enhancement. Therefore, we are severely limited in our review of that issue by the "plain error" standard.[32] We must treat the issue, raised first on appeal, in the same manner as any other issue not raised in the district court: "An exception [to the general rule of non-reviewability] is usually made whe[n] the newly raised issue concerns a pure question of law _and_ a refusal to

---

authority, to prove a prior burglary conviction.

[31] We note that at least one of the twelve convictions for which Fields's sentence was enhanced was for burglary. _See_ _Fields_, 923 F.2d at 359 n.1. _Fields_ was decided after _Taylor_. It is clear, however, that simply because a prior panel did not flesh out a issue such as this, we are not precluded from its investigation.

[32] _See_ _supra_ notes 5-8 and accompanying text.

15

consider it would result in a miscarriage of justice."[33]

Although the sufficiency of the evidence needed to enhance the sentence is unquestionably a "pure question of law,"[34] we conclude that no miscarriage of justice will result from our refusal to vacate the sentence in the instant case. This is so because the record before us makes clear that the burglary for which Martinez-Cortez was convicted in 1971 was a "generic" burglary under Taylor. By definition, no "manifest injustice" occurs when a sentence imposed in error by the district court is nonetheless one that would have been lawful had extant evidence of the prior conviction been introduced.

The sentencing error of the district court here was enhancing the sentence in reliance on woefully inadequate PSR evidence of the 1971 burglary conviction instead of requiring the kind of evidence that would meet one or the other of the Taylor requirements. We find from the record that the type of Taylor evidence regarding the 1971 burglary conviction did exist. If it had been introduced, the enhancement of Martinez-Cortez's sentence would have been sustainable. First, the Texas statutes under which he was convicted were sufficiently narrow to be classified as "generic burglary." We held in Silva that the current Texas burglary statute, which was codified in 1974, was sufficiently narrow to be

---

[33] Volkswagen of Am., Inc. v. Robertson, 713 F.2d 1151, 1166 (5th Cir. 1983)(emphasis added)(citing Coastal States Mktg., Inc. v. Hunt, 694 F.2d 1358, 1364 (5th Cir. 1983)); see Lopez, 923 F.2d at 50; supra notes 7-8.

[34] See Vidaure, 861 F.2d at 1338.

16

"generic" under Taylor.[35]  The applicable Texas Penal Code articles that existed prior to the 1974 codification))those under which Martinez-Cortez was convicted in 1971))were even narrower than the current Texas law.  The commentary that accompanies the 1974 codification notes:  "The types of intrusions made burglarious by Section 30.02 are more varied than in prior law."[36]  The commentary then lists several examples of how the law was broadened in 1974. As the pre-1974 statute indisputably did not comprise any non-generic burglary, that such statute would have supported enhancement had a true copy of it been submitted in accordance with Taylor is equally indisputable.

In addition to the generic nature of the statute under which Martinez-Cortez was convicted, the crime of which he was convicted in 1971 actually was a generic burglary.  Martinez-Cortez's counsel acknowledged that his client has never disputed the factual accuracy of the statement in the PSR describing the 1971 conviction, contending only that those facts do not satisfy Taylor. Even though Martinez-Cortez was initially informed, by means of an enhancement notice attached to the indictment, of the government's intention to seek enhancement, he neither objected to the inclusion of the reference to the 1971 conviction in the PSR nor attempted to prove that the burglary was non-generic.  As Martinez-Cortez did

_____

[35]See Silva, 957 F.2d at 161; TEX. PENAL CODE ANN. § 30.02 (West 1989).  The concern of the Taylor court was that state burglary statutes might be more broad than the "generic" definition (e.g., might criminalize thefts from cars (which would be non-generic) as well as buildings or structures).

[36](Emphasis added).

17

not object to or question the accuracy of the report as reflecting the 1971 conviction, we must assume that the charging papers and the verdict of guilty by the state court jury mirror the statement in the PSR. Although the elements of generic burglary are not expressed precisely in that statement, when we read it in pari materia with the narrow statute under which Martinez-Cortez was convicted we have no difficulty in concluding that the crime he committed in 1971 was "generic" burglary. His entry into the "establishment" was certainly unauthorized and his threat to the witness and subsequent apprehension while armed and apparently in possession of contraband eschew any conclusion but that the purpose of his forcible entry into the establishment was to commit a crime.

Having thus determined that both the burglary Martinez-Cortez committed in 1971 and the burglary statute under which he was convicted were in fact of the generic type that would support enhancement under Taylor's interpretation of § 924(e), the "plain error" standard interdicts our vacatur of the enhanced sentence even though it was grounded in the erroneous acceptance of the government's production of inadequate evidence.[37] Again, had Martinez-Cortez raised this issue in the district court and the government adduced no additional evidence concerning generic burglary, our standard of review would have been de novo and the

---

[37]Our post-hoc rationalization of the enhancement is clearly in line with the standard of review. When the enhancement given was predicated on convictions that met the enhancement's requirements, no "manifest injustice" can result merely because the government did not proffer the correct evidence at the sentencing.

result we would have reached under it would likely have been quite different.  We speculate, however, that had such an objection been made it would have prompted the government to do what it should have been done initially))introduce evidence sufficient to meet either or both of Taylor's alternative proof requirements.

D.  Double Jeopardy

Martinez-Cortez asserts that, as his conviction was enhanced on insufficient evidence, any reapplication of the sentence enhancement provisions on remand would require adducing additional evidence and thereby constitute double jeopardy.  We do not have to address this claim because we do not find reversible error and thus do not vacate the enhanced sentence an remand it for further proceedings.

III

CONCLUSION

Under our analysis of the requirements of the Supreme Court's Taylor decision for sentence enhancement under § 924(e), we find that the district court erred in accepting as sufficient the government's inadequate evidence of Martinez-Cortez's prior burglary offense.  The Taylor decision sets out specific proof requirements that must be met when burglary is a prior offense used to support sentence enhancement under § 924(e).  Nevertheless, as the applicable standard of review here is plain error))and as we do

19

not find plain error in the circumstances of the instant case))the sentence imposed is

AFFIRMED.

E. GRADY JOLLY, specially concurring:

I write separately to say that a fair interpretation of the United States Supreme Court's opinion in Taylor v. U.S.[38] does not bind us to an inflexible reading of Taylor's "requirements."

The majority reads Taylor as establishing two "alternative but exclusive methods" which the government may use to prove that a defendant's prior burglary conviction was in fact for a "generic" burglary. In addition to proving the fact of the prior conviction, the government must--on pain of reversal--present the trial court with either (1) "proper copies" of the burglary statute under which the defendant was previously convicted; or (2) copies of the indictment or the jury instructions under which the defendant was previously convicted.[39] Thus, the majority establishes a per se rule that in my view was not intended by the Taylor court.

---

[38]495 U.S. 575, 110 S.Ct. 2143 (1990).

[39]To be sure, the Supreme Court in Taylor stated that "if the indictment or information and jury instructions show that the defendant was charged with a [generic] burglary..., and that the jury necessarily had to find [the elements of a generic burglary] to convict, then the Government should be allowed to use the conviction for enhancement." 495 U.S. at 602, 110 S.Ct. at 2160 (emphasis added). This circuit has previously interpreted this passage from Taylor in a flexible, common sense manner, holding that either the indictment or the bill of information or the jury instructions will suffice to prove a "generic" burglary sufficient to meet § 924(e)'s requirements. As will be discussed later, the majority offers no reason why such a common sense interpretation cannot be applied to the portion of the Taylor opinion currently before the court.

20

I would read Taylor as requiring presentation of either the statute under which the defendant was previously convicted, or the indictment, or the bill of information, or any other form of equally reliable proof showing that the defendant indeed had committed a "generic" burglary.  I see the specific forms of proof enumerated by the Court as illustrative, not exclusive.  Under the majority's literal interpretation, anomalous results will obtain; for example, if a defendant knowingly admits committing a generic burglary, the uncontested voluntary admission would yet be insufficient to uphold a § 924(e) enhancement.  Surely, such a result could not have been intended by the Supreme Court.

I favor the rationale adopted by this circuit in the Garza case, in which the court refused to adhere to a rigid reading of Taylor's requirements when such an application produces nonsensical results.  In Garza[40], we rejected a literal reading of Taylor that seemed to require the presentation of both the indictments and the jury instructions.  There we recognized the serious flaw of a rigid application because in guilty pleas, jury instructions are obviously never formulated; instead we sensibly read the Supreme Court's command as allowing proof of the indictments alone.  The majority in this case rejects Garza's path to common-sense interpretation of the Supreme Court's requirements in Taylor.

Further, the majority rejects still another blazed trail to a sound interpretation of Taylor.  In U.S. v. Fields[41], the defendant objected to the presentence report as means of proof of his prior

---

[40]United States v. Garza, 921 F.2d 59 (5th Cir. 1991).

[41]923 F.2d 358 (5th Cir. 1991).

felony convictions. In rejecting Fields's argument, we unequivocally stated that "the report provided an adequate basis for the sentencing judge to determine that Fields had committed three prior felonies."[42] The majority dismisses Fields in its entirety by stating: "[t]he issue in Fields was one of reliability of the facially adequate evidence of the PSR. Here, the reliability or truth of the information in Martinez-Cortez's PSR is not at issue....Rather, the evidence of the subject burglary conviction is challenged as being legally inadequate under Taylor."[43] The majority fails to recognize that Taylor is also concerned with reliability. It requires that the elements of the statute be established through a reliable source: either the statute itself, the indictment, the bill of information, or--in my view--any other equivalent form of proof, such as an uncontested voluntary admission of a fact. To say otherwise reduces Taylor to an arbitrary standard devoid of reason. Fields illustrates that this circuit has previously accepted PSRs as "legally adequate" proof to be used in § 924(e) enhancement proceedings. How the majority can conclude that an uncontested PSR (the equivalent of an admission) that proves the elements of a generic burglary is "legally inadequate" (to use the majority's words), escapes me.

In truth, I think that the majority does a disservice to the

---

[42]Fields, 923 F.2d at 361.

[43]Majority opinion at 11.

<u>Taylor</u> opinion by construing its literal language so mechanically. We should endorse a common sense, reasonable interpretation of the opinion that allows equally reliable forms of proof of a generic burglary. In the light of the <u>Fields</u> opinion, I believe that the uncontested PSR upon which the trial judge relied in the instant case, which described the actual burglary of which the defendant was convicted, certainly provided sufficient proof of the conviction under <u>Taylor</u> to allow its use in § 924(e) enhancement proceedings. In any event, the majority's creation of a per se rule in this case is both unnecessary and unwarranted. For these reasons, while concurring in the result, I respectfully take exception to the majority's application of <u>Taylor</u>.