IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-21156
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RODOLFO VELA-IBARRA,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-01-CR-583-1
--------------------
July 25, 2002

Before DAVIS, DUHÉ, and DeMOSS, Circuit Judges.

PER CURIAM:[1]

Rodolfo Vela-Ibarra (Vela) appeals his guilty-plea conviction and sentence for illegal reentry following deportation in violation of 8 U.S.C. § 1326(a) and (b)(1).  He argues that the district court erred in considering the presentence report from his previous alien smuggling offense to determine that a 16-level increase in his offense level was warranted under U.S.S.G. § 2L1.2(b)(1)(A)(vii); that the special cost-payment condition of

---

[1]  Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

his supervised release contained in the written judgment conflicts with his oral sentence and is an impermissible delegation of authority to the probation officer; and that the sentencing-enhancing provisions of 8 U.S.C. § 1326(b) are facially unconstitutional.

In asserting that the district court misapplied U.S.S.G. § 2L1.2(b)(1)(A)(vii), Vela contends that the reasoning from our decisions interpreting the "career offender" guidelines, U.S.S.G. §§ 4B1.1 and 4B1.2, should be applied in his case. In interpreting those provisions, this court has held that only conduct charged in the indictment, and not the underlying conduct, may be considered in determining whether the offense is a crime of violence or a controlled substance offense. See United States v. Gaitan, 954 F.2d 1005, 1009-11 (5th Cir. 1992); United States v. Fitzhugh, 954 F.2d 253, 254-55 (5th Cir. 1992). Importantly, our holdings in Gaitan and Fitzhugh were based on specific language contained in the commentary to U.S.S.G. § 4B1.2, limiting the sentencing court's inquiry to the conduct alleged in the indictment in determining whether the enhancement applies. See Gaitan, 954 F.2d at 1009-11; See Fitzhugh, 954 F.2d at 254-55.

Neither U.S.S.G. § 2L1.2 nor its commentary contains such limiting language. Furthermore, U.S.S.G. § 1B1.3 instructs that when determining the defendant's "specific offense characteristics" under Chapter Two of the Guidelines, "[c]onduct that is not formally charged or is not an element of the offense of conviction

2

may enter into the determination of the applicable guideline sentencing range." U.S.S.G. § 1B1.3, comment. (backg'd.). Although Vela cites to our decisions in <u>United States v. Zavala-Sustaita</u>, 214 F.3d 601 (5th Cir.), <u>cert. denied</u>, 531 U.S. 982 (2000), and <u>United States v. Martinez-Cortez</u>, 988 F.2d 1408 (5th Cir. 1993), as support for his argument, those cases involved the interpretation of statutes not at issue here. <u>Zavala-Sustaita</u>, 214 F.3d at 604-08 (interpreting "sexual abuse of a minor" under 8 U.S.C. § 1101(a)(43)(A)); <u>Martinez-Cortez</u>, 988 F.2d at 1410-14 (interpreting 18 U.S.C. § 924(e)). We conclude, therefore, that the district court did not misapply U.S.S.G. § 2L1.2(b)(1)(A)(vii).

As Vela concedes, this court's recent decision in <u>United States v. Warden</u>, 291 F.3d 363, ____ (5th Cir. 2002), 2002 WL 977273, forecloses his arguments regarding the special cost-payment condition of his supervised release.

Vela lastly contends, for the first time on appeal, that the sentence-enhancing provisions contained in 8 U.S.C. § 1326(b) are facially unconstitutional in light of <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000). Vela acknowledges that his argument is foreclosed by <u>Almendarez-Torres</u>, 523 U.S. 224 (1998), but seeks to preserve the issue for further review.

Based on the foregoing, the district court's judgment is AFFIRMED.