IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-40626
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CORNELIO RIVAS-CASTILLO,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. B-01-CR-583-ALL
--------------------
December 20, 2002

Before HIGGINBOTHAM, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Cornelio Rivas-Castillo (Rivas) appeals his guilty-plea conviction and sentence for illegal reentry following deportation in violation of 8 U.S.C. § 1326(a) and (b). He argues that the district court erred in considering the presentence report from his previous alien smuggling offense to determine that a 16-level increase in his offense level was warranted under U.S.S.G. § 2L1.2(b)(1)(A)(vii); that transporting aliens within the United States is not equivalent to an alien smuggling such as to warrant

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

a 16-level increase under U.S.S.G. § 2L1.2(b)(1)(A)(vii); and that the sentencing-enhancing provisions of 8 U.S.C. § 1326(b) are facially unconstitutional.

In asserting that the district court misapplied U.S.S.G. § 2L1.2(b)(1)(A)(vii), Rivas contends that the reasoning from our decisions interpreting the "career offender" guidelines, U.S.S.G. §§ 4B1.1 and 4B1.2, should be applied in his case. In interpreting those provisions, this court has held that only conduct charged in the indictment, and not the underlying conduct, may be considered in determining whether the offense is a crime of violence or a controlled substance offense. See United States v. Gaitan, 954 F.2d 1005, 1009-11 (5th Cir. 1992); United States v. Fitzhugh, 954 F.2d 253, 254-55 (5th Cir. 1992). Importantly, our holdings in Gaitan and Fitzhugh were based on specific language contained in the commentary to U.S.S.G. § 4B1.2, limiting the sentencing court's inquiry to the conduct alleged in the indictment in determining whether the enhancement applies. See Gaitan, 954 F.2d at 1009-11; See Fitzhugh, 954 F.2d at 254-55.

Neither U.S.S.G. § 2L1.2 nor its commentary contains such limiting language. Furthermore, U.S.S.G. § 1B1.3 instructs that when determining the defendant's "specific offense characteristics" under Chapter Two of the Guidelines, "[c]onduct that is not formally charged or is not an element of the offense of conviction may enter into the determination of the applicable

guideline sentencing range." U.S.S.G. § 1B1.3, comment. (backg'd.). Although Rivas cites to our decisions in United States v. Zavala-Sustaita, 214 F.3d 601 (5th Cir.), cert. denied, 531 U.S. 982 (2000), and United States v. Martinez-Cortez, 988 F.2d 1408 (5th Cir. 1993), as support for his argument, those cases involved the interpretation of statutes not at issue here. Zavala-Sustaita, 214 F.3d at 604-08 (interpreting "sexual abuse of a minor" under 8 U.S.C. § 1101(a)(43)(A)); Martinez-Cortez, 988 F.2d at 1410-14 (interpreting 18 U.S.C. § 924(e)). We conclude, therefore, that the district court did not misapply U.S.S.G. § 2L1.2(b)(1)(A)(vii).

Rivas next argues that transporting undocumented aliens within the United States is not equivalent to alien smuggling so as to warrant a 16-level increase under U.S.S.G. § 2L1.2(b)(1)(A). However, Rivas concedes that the issue is foreclosed by this court's decision in United States v. Solis-Campozano, -- F.3d --, No. 02-50079, 2002 WL 31505539 at *3 (5th Cir. November 12, 2002) and raises the issue to preserve it for Supreme Court review.

Rivas lastly contends that the sentence-enhancing provisions contained in 8 U.S.C. § 1326(b) are facially unconstitutional in light of Apprendi v. New Jersey, 530 U.S. 466 (2000). Rivas acknowledges that his argument is foreclosed by Almendarez-Torres, 523 U.S. 224 (1998), but seeks to preserve the issue for further review.

Based on the foregoing, the district court's judgment is AFFIRMED.