United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 23, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

———————————————

No. 04-41597
Summary Calendar

———————————————

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

FRANK ALEXANDER LYNCH,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:02-CR-54-ALL
--------------------

Before JOLLY, DAVIS, and OWEN, Circuit Judges.

PER CURIAM:*

    Frank Alexander Lynch ("Lynch") pleaded guilty to illegally possessing a firearm, in violation of 18 U.S.C. § 922(g)(1).  He was sentenced to 210 months imprisonment and five years supervised release under 18 U.S.C. § 924(e), which requires a minimum sentence of fifteen years if the defendant has three prior convictions for a violent felony or serious drug offense or both.  On appeal, Lynch argues that the district court lacked sufficient evidence that his prior convictions were for violent felonies within the meaning of

---

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

section 924(e).   Lynch also seeks relief based on *Blakely v. Washington*[1] and *United States v. Booker*.[2]   We affirm.

Lynch first claims that the government lacked sufficient evidence that his prior convictions for second degree burglary were "violent felonies" within the meaning of 18 U.S.C. § 924(e).[3]   A burglary conviction is a violent felony under section 924(e) if the conviction entailed proof of unlawful or unprivileged entry into, or remaining in, a building or structure with the intent to commit a crime.[4]   If a defendant is convicted under a statute adopting this "generic definition" of burglary, then the district court "need find only that the state statute corresponds in substance to the generic meaning of burglary."[5]

The record before the district court did not contain either a copy of the state statute under which Lynch was convicted or authenticated copies of the prior judgments against him.   The only evidence of Lynch's prior convictions was in the probation officer's presentence report ("PSR"), which gave the dates of his arrests, the nature of the charges ("Second Degree Burglary"), the courts in which he was tried, the docket numbers assigned in those

---

[1] 542 U.S. 296 (2004).

[2] 125 S. Ct. 738 (2005).

[3] Lynch concedes that his prior convictions for arson and bank robbery were properly considered as predicate offenses under section 924(e).   He only disputes the sufficiency of the evidence as to the prior convictions for second degree burglary.

[4] *See Taylor v. United States*, 495 U.S. 575, 599 (1990).

[5] *Id.*

trial courts, and the dates the sentences were imposed.  Lynch did not object in the district court that the PSR contained inadequate evidence of his prior convictions.

An appellate court may not correct an error that a defendant failed to raise in the district court unless there is plain error.[6] Under this standard of review, there must be "'(1) error, (2) that is plain, and (3) that affect[s] substantial rights.'"[7]  Even if these conditions are met, this court may exercise its discretion to correct the error only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings.[8] Lynch's claim fails to meet this plain error test.

First, the PSR provided sufficient indicia of reliability to enable the district court to rely on it in making the sentencing determination.[9]  The PSR noted the dates of Lynch's arrests, the nature of the charges ("Second Degree Burglary"), the courts in which he was tried, the docket numbers assigned in those trial courts, and the dates the sentences were imposed.  Lynch has never

---

[6] *See United States v. Cotton*, 535 U.S. 625, 631 (2002); *United States v. Martinez-Cortez*, 988 F.2d 1408, 1415 (5th Cir. 1993), *cert. denied*, 510 U.S. 1013 (1993).

[7] *Cotton*, 535 U.S. at 631 (quoting *Johnson v. United States*, 520 U.S. 461, 467 (1997) (internal quotation marks omitted) (quoting *United States v. Olano*, 507 U.S. 725, 732 (1993))).

[8] *Id.*

[9] *See United States v. Hornsby*, 88 F.3d 336, 339 (5th Cir. 1996) ("A presentence report generally bears sufficient indicia of reliability to be considered as evidence by the trial judge in making guideline determinations, especially when there is no evidence in rebuttal.").

rebutted the information in the PSR regarding his prior convictions, nor has he suggested that the information is incorrect. He did not object to the PSR when it was introduced, he did not object to the convictions for purposes of calculating his criminal history category, and he does not deny the existence of the convictions in arguing that there was insufficient evidence that the convictions were violent felonies.

Second, there is no dispute as to the statute that applied to Lynch's convictions. Lynch was convicted under the Colorado statute regarding second degree burglary, which was sufficiently narrow to be classified as "generic burglary."[10] Thus, the convictions constituted "violent felonies" within the meaning of 18 U.S.C. § 924(e).

For these reasons, the record before us makes clear that Lynch was convicted of "generic" burglaries and thus violent felonies under 18 U.S.C. § 924(e). Thus, even assuming the district court erred in failing to obtain additional evidence of Lynch's convictions, the error did not seriously affect the fairness,

---

[10] Between 1986 and 1993, the relevant years for purposes of Lynch's convictions, the Colorado statute defined second degree burglary as "knowingly break[ing] an entrance into, or enter[ing], or remain[ing] unlawfully in a building or occupied structure with intent to commit therein a crime against a person or property." COLO. REV. STAT. § 18-4-203(1) (1986), *amended by* COLO. REV. STAT. § 18-4-203(1) (1999).

integrity, or public reputation of judicial proceedings.[11]  Lynch's claim fails to meet the plain error standard of review.

Lynch also claims that his sentence was wrongfully imposed under *Blakely v. Washington*[12] and *United States v. Booker*.[13]  Lynch does not argue that the district court erroneously enhanced his sentence by finding facts not admitted by him.  Instead, he argues that the district court erred in treating the Sentencing Guidelines as mandatory and failing to consider other factors at sentencing.  Because Lynch did not raise this argument before the district court, we review his claim for plain error.[14]  Although treating the Guidelines as mandatory constituted error that was plain,[15] Lynch has failed to establish that the error affected his substantial rights.  Lynch must demonstrate that the sentencing judge would have reached a significantly different result if the sentence had been imposed under an advisory scheme rather than a mandatory one.[16]  Lynch presents no evidence that the district court would have reached a different conclusion had the Sentencing Guidelines been

---

[11] *See Martinez-Cortez*, 988 F.2d at 1415-16 ("By definition, no 'manifest injustice' occurs when a sentence imposed in error by the district court is nonetheless one that would have been lawful had extant evidence of the prior conviction been introduced.").

[12] 542 U.S. 296 (2004).

[13] 125 S. Ct. 738 (2005).

[14] *United States v. Mares*, 402 F.3d 511, 520 (5th Cir. 2005), *petition for cert. filed* (U.S. Mar. 31, 2005) (No. 04-9517).

[15] *United States v. Valenzuela-Quevedo*, 407 F.3d 728, 733 (5th Cir. 2005).

[16] *See Mares*, 402 F.3d at 521.

advisory.  The only relevant evidence in the record indicates that Lynch was sentenced to the maximum term permitted under the Guidelines.  Under these circumstances, Lynch cannot show that the error, if any, affected his substantial rights.[17]  Therefore, Lynch's claim fails to meet the plain error standard of review.

AFFIRMED.

---

[17] *See id*. at 522; *United States v. Martinez-Lugo*, 411 F.3d 597, 601 (5th Cir. 2005).