United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 24, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-51087
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MICHAEL SEAN MEYER,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:02-CR-542-1
---------------------

Before HIGGINBOTHAM, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Michael Sean Meyer appeals his 327-month sentence following his jury-trial conviction for possession of a firearm by a convicted felon pursuant to 18 U.S.C. § 922(g)(1). He argues that the evidence presented in support of the enhancement of his sentence under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), was not sufficiently reliable to support the district court's finding that he had three qualifying predicate offenses under the ACCA, and his sentence thus was unreasonable.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Section 924(e) subjects a defendant convicted under § 922(g) to a minimum sentence of 15 years if he has three prior convictions for "a violent felony or a serious drug offense, or both, committed on occasions different from one another." § 924(e)(1). The Government presented no evidence whatsoever to support the fact of Meyer's prior convictions as required under Taylor v. United States, 495 U.S. 575, 601-02 (1990), and Shepard v. United States, 544 U.S. 13, 15-16 (2005). See id.; United States v. Garza-Lopez, 410 F.3d 268, 274 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005); United States v. Martinez-Cortez, 988 F.2d 1408, 1415 & n.30 (5th Cir. 1993). Accordingly, Meyer's sentence is vacated and the case is remanded for resentencing.

On remand, the district court should order the Government to supplement the record with documentary evidence authorized under Taylor and Shepard to aide its determination of whether Meyer's prior convictions warrant the ACCA enhancement. See United States v. Bonilla-Mungia, 422 F.3d 316, 321 (5th Cir.), cert. denied, 126 S. Ct. 819 (2005).

CONVICTION AFFIRMED; SENTENCE VACATED; CASE REMANDED FOR RESENTENCING; DISTRICT COURT DIRECTED TO ALLOW SUPPLEMENTATION OF THE RECORD.