United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 27, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-50486
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MANUEL ANTONIO MATA,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:04-CR-67-3
--------------------

Before DeMOSS, STEWART, and PRADO, Circuit Judges.

PER CURIAM:[*]

Manuel Antonio Mata appeals the sentence imposed on remand for resentencing following his guilty-plea convictions for distributing heroin within 1,000 feet of a school, in violation of 21 U.S.C. §§ 841(a)(1) and 860 (count five); using a firearm in connection with a drug-trafficking offense, in violation of 18 U.S.C. § 924(c)(1) (count six); being an unlawful user of a controlled substance in possession of a firearm, in violation of 21 U.S.C. § 922(g)(3) (count seven); and being a felon in

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

possession of a firearm, in violation of 21 U.S.C. § 922(g)(1) (count eight).

Mata also challenges, for the first time, the factual bases for his guilty pleas to counts 6, 7, and 8, arguing that they were insufficient and that his convictions and sentences on both counts 7 and 8 cannot stand because they are based upon his possession of a single weapon. The Government argues that the claims should not now be considered. Because these arguments could have been but were not raised in the original appeal of this case, they will not now be considered. See United States v. Lee, 358 F.3d 315, 321 (5th Cir. 2004); United States v. Matthews, 312 F.3d 652, 657 (5th Cir. 2002); United States v. Marmolejo, 139 F.3d 528, 530 (5th Cir. 1998). Mata argues that the miscarriage-of-justice exception to the mandate rule applies such that we should consider his claims, particularly his challenge to counts 7 and 8, which the Government concedes has merit. Because the argument is raised for the first time in his reply brief, we will not ordinarily consider it. United States v. Prince, 868 F.2d 1379, 1386 (5th Cir. 1989). Moreover, our refusal to address the claim, which may be raised in a 28 U.S.C. § 2255 motion, will not result in a miscarriage of justice because the sentences imposed on counts 7 and 8 run concurrently with each other and with the longer 188-month sentence imposed on count 5, meaning that any error did not affect Mata's ultimate sentence.

Mata's challenge to the U.S.S.G. § 4B1.1 career-offender enhancement he received is unavailing. No error arises from the fact that the enhancement was based on judicially determined facts. See Almendarez-Torres v. United States, 523 U.S. 224 (1998); see also United States v. Guevara, 408 F.3d 252, 261 (5th Cir. 2005), cert. denied, 126 S. Ct. 1080 (2006); see also United States v. Johnson, 445 F.3d 793, 797 (5th Cir.), cert. denied, 126 S. Ct. 2884 (2006). The judgment of conviction was sufficient evidence to establish the fact of his prior conviction, and his prior Texas conviction for burglary of a habitation was a crime of violence. See United States v. Martinez-Cortez, 988 F.2d 1408, 1411-12 (5th Cir. 1993); see also United States v. Hornsby, 88 F.3d 336, 339 (5th Cir. 1996); cf. United States v. Garcia-Mendez, 420 F.3d 454, 456-57 (5th Cir. 2005).

Mata's assertion that the sentences imposed on counts 5 and 7 are unreasonable is without merit. The sentences imposed on those counts fell within the properly calculated guidelines range and were therefore presumptively reasonable, and Mata has pointed to nothing to overcome that presumption. See United States v. Alonzo, 435 F.3d 551, 554 (5th Cir. 2006); see also U.S.S.G. §§ 3D1.1(a)(1) and 3D1.2.

Mata additionally argues that the district court's judgment is internally inconsistent, and he moves, pursuant to FED. R. CRIM. P. 36, for correction of the judgment. We find no clerical

error in the judgment that requires correction.  See id.; See United States v. Steen, 55 F.3d 1022, 1025-26 & n.3 (5th Cir. 1995).

The district court's judgment is AFFIRMED.