# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 31, 2007**

Charles R. Fulbruge III
Clerk

No. 06-51327
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

FRANCISCO MONTANO-BARRERA, also known as Saul Montano-Barrera

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:06-CR-2068-ALL

Before JONES, Chief Judge, and REAVLEY and PRADO, Circuit Judges.

PER CURIAM:[*]

Francisco Montano-Barrera (Montano)appeals his guilty plea conviction and 50-month sentence for unlawful reentry following removal from the United States. Montano asserts that the district court erred by relying on the presentence report (PSR) to make a determination that his prior Oregon conviction for delivery of a schedule II controlled substance is a felony drug trafficking offense meriting a 12-level sentence enhancement pursuant to U.S.S.G. §2L1.2 (b)(1)(B).

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Review of the district court's conclusion that a prior conviction has been sufficiently proven for sentence enhancement purposes is de novo. *United States v. Martinez-Cortez*, 988 F.2d 1408, 1410 (5th Cir. 1993). The judgment of Montano's prior conviction establishes that Montano pleaded guilty to an indictment charging him with delivery of a schedule II controlled substance, a Class B felony. *See United States v. Martinez*, 962 F. 2d 1161, 1167-69 (5th Cir. 1992). Montano's prior conviction constitutes a felony and a drug trafficking offense under §2L1.2; thus, the district court committed no error in enhancing Montano's sentence. *Shepard v. United States*, 544 U.S. 13, 16 (2005); *United States v. Garza-Lopez*, 410 F.3d 268, 274 (5th Cir. 2005).

Montano asserts that the district court did not comply with FED. R. CRIM. P. 32 (i)(1)(A) because it did not directly inquire of him whether he had read the PSR. He urges this court to follow precedent from other circuits that mandates reversals and resentencing for such Rule 32 noncompliance. As Montano concedes, his challenge is foreclosed by *United States v. Esparza-Gonzalez*, 268 F.3d 272, 273-74 (5th Cir. 2001).

AFFIRMED.