# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 5, 2010

Lyle W. Cayce
Clerk

No. 09-30512
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

BRENES ESPINOZA-LAZO,

Defendant-Appellant

Appeals from the United States District Court
for the Western District of Louisiana
USDC No. 2:08-CR-104-1

Before JONES, Chief Judge, and JOLLY and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Brenes Espinoza-Lazo appeals his sentence following his guilty-plea conviction for illegal reentry after deportation. He argues that the district court plainly erred by relying on only the presentence report to conclude that one of his prior convictions was a crime of violence warranting a 16-level sentence enhancement pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii). Because Espinoza-Lazo did not object in the district court to the application of the 16-level enhancement,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-30512

we review this issue for plain error. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir.), *cert. denied*, 130 S. Ct. 192 (2009).

A district court may not rely on the PSR's characterization of a prior offense. *United States v. Garza-Lopez*, 410 F.3d 268, 274 (5th Cir. 2005). However, we previously granted the Government's motion to supplement the appellate record with certified state court records of Espinoza-Lazo's prior offense. The indictment and judgment show that Espinoza-Lazo was convicted of burglary of a habitation with intent to commit theft, a violation of Texas Penal Code § 30.02(a)(1). We have previously held that such a conviction qualifies as a crime of violence for purposes of a § 2L1.2(b)(1)(A)(ii) enhancement. *United States v. Garcia-Mendez,* 420 F.3d 454, 456-57 (5th Cir. 2005).

Because the record as supplemented supports the district court's determination that Espinoza-Lazo had a prior conviction that warranted application of the 16-level enhancement, he has not shown that the district court's error in relying on the PSR affected his substantial rights. *See United States v. Martinez-Cortez,* 988 F.2d 1408, 1415-16 & n.37 (5th Cir. 1993). Accordingly, Espinoza-Lazo has not established plain error. *See Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009).

AFFIRMED.