**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Jesse GARZA, Defendant–Appellant.**

No. 90–5574
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Jan. 2, 1991.

Alfredo Villarreal, Asst. Fed. Public Defender, Lucien B. Campbell, Fed. Public Defender, W.D.Tex., San Antonio, Tex., for defendant-appellant.

Mrs. LeRoy Morgan Jahn, Asst. U.S. Atty., San Antonio, Tex., for plaintiff-appellee.

Before POLITZ, DAVIS, and BARKSDALE, Circuit Judges.

POLITZ, Circuit Judge:

Jesse Garza appeals his conditional guilty plea, Fed.R.Crim.P. 11(a)(2), and sentence for possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1), enhanced by 924(e)(1). Finding neither error of fact nor law, we affirm.

### Background

San Antonio police officer Thomas Hardeman stopped a car driven by Rene Munoz for the purpose of placing Munoz under arrest on outstanding traffic warrants. Hardeman observed Garza, seated in the front passenger seat, move as if he were trying to conceal something. While another officer took Munoz into custody Hardeman, who recognized Garza as a heroin user who had had prior difficulties with the law, directed him to exit the vehicle. Hardeman frisked Garza for weapons and found in Garza's pocket a large, locked-blade knife, the possession of which violated a city ordinance, and two bullets. Hardeman placed Garza under arrest and advised him of his rights. While Hardeman searched Munoz's car for other weapons, the assisting officer mused about finding bullets on both Munoz and Garza but no gun. Garza then told him that the gun was tucked in his waistband.

Garza was indicted for possession of a firearm by a convicted felon. The prosecutor filed enhancement-of-punishment data consisting of copies of the judgments of Garza's four prior burglary convictions and his prior robbery conviction. Garza moved to suppress the evidence found during the initial frisk. The district court rejected the

motion, concluding that the officer acted properly. Garza then entered his conditional guilty plea. Sentenced to the mandatory 15 years imprisonment and three years supervised release, Garza appeals.

*Analysis*

Garza invokes the fourth amendment in challenging the initial search of his person, arguing that the circumstances—his suspicious movements and Hardeman's knowledge of his past criminal activities—did not justify Hardeman's frisk. The purpose of the fourth amendment "is to safeguard the privacy and security of individuals against arbitrary invasions by government officials." *Camara v. Municipal Court of San Francisco*, 387 U.S. 523, 528, 87 S.Ct. 1727, 1730, 18 L.Ed.2d 930 (1967). The search of Garza was without a warrant. Generally, warrantless searches are justifiable only if they fall under one of the " 'specifically established and well-delineated exceptions' to the general warrant requirements." *United States v. Cisneros–Mireles*, 739 F.2d 1000, 1002 (5th Cir.1984) (quoting *Coolidge v. New Hampshire*, 403 U.S. 443, 454–55, 91 S.Ct. 2022, 2032, 29 L.Ed.2d 564 (1971)).

■ The initial frisk of Garza fell within the exception to warrantless searches recognized in *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). In *Terry* the Court held that a police officer may make a brief frisk if he "observes unusual conduct which leads him reasonably to conclude in light of his experience that criminal activity may be afoot and that the person with whom he is dealing may be armed and presently dangerous...." *Id.*, 392 U.S. at 30, 88 S.Ct. at 1884.

The district court found that the circumstances surrounding the frisk of Garza would lead a police officer reasonably to conclude that Garza may have been armed. This factual finding is not clearly erroneous and is accepted. This assignment of error has no merit.

■ Garza next challenges the trial court's application of the sentence enhancement provision of 18 U.S.C. § 924(e). This provision is applicable if a defendant violates 18 U.S.C. § 922(g)(1) and has three previous convictions for violent felonies. Garza maintains that there is insufficient evidence to support the finding that his prior convictions involved violent felonies within the meaning of the enhancement statute. The relevant provision includes within that definition "any crime punishable by imprisonment for a term exceeding one year that ... is burglary." 18 U.S.C. § 924(e)(2)(B).

In *Taylor v. United States*, —— U.S. ——, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990), the Supreme Court adopted a "generic definition" of burglary, declining to apply varying state definitions. As so defined, "a person has been convicted of burglary for purposes of section 924(e) if he is convicted of any crime, regardless of its exact definition or label, having the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." *Id.*, —— U.S. at ——, 110 S.Ct. at 2158, 109 L.Ed.2d at 627. The Court gave sentencing courts two methodologies for determining whether a prior conviction was a generic burglary: "[A]n offense constitutes 'burglary' for purposes of a § 924(e) sentence enhancement if either its statutory definition substantially corresponds to 'generic' burglary, or the charging paper and jury instructions actually required the jury to find all the elements of generic burglary in order to convict the defendant." *Id.*, —— U.S. at ——, 110 S.Ct. at 2160, 109 L.Ed.2d at 629.

The district court did not make a determination as to whether the state statutes under which Garza was convicted substantially corresponded to the "generic" burglary definition. We decline to do so in the first instance. Rather, we determine whether the district court properly applied the *Taylor* alternative, *i.e.*, that the papers involved in Garza's prior convictions contained the elements of generic burglary.

Garza maintains that the government failed to present either the indictments or jury instructions of his prior convictions. The record belies this assertion. The

government presented the underlying indictments of the prior convictions which clearly demonstrate that the convictions contained the elements of generic burglary.

Garza does correctly note, however, that there are no jury instructions in the record. Because of this he argues that the second part of the *Taylor* holding may not be applied. We do not agree. There are no jury instructions in guilty plea proceedings under Fed.R.Crim.P. 11. The absence of jury instructions in a guilty plea setting does not negate the application of the second half of *Taylor*'s generic burglary rubric. As the charging papers, the indictments, clearly reflect that Garza's prior burglary convictions meet *Taylor*'s generic burglary definition, these convictions properly were used for sentence enhancement under 18 U.S.C. § 924(e)(1). Having so concluded, we need not consider the robbery conviction.

AFFIRMED.