986 F.2d 1415
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Danny Russell BLANKENSHIP, Defendant-Appellant.
 No. 92-5354.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: November 11, 1992
Decided: February 18, 1993
 
 Appeal from the United States District Court for the Southern District of West Virginia, at Bluefield. David A. Faber, District Judge. (CR-91-266)
 David L. White, Sanders, Watson & White, Bluefield, West Virginia, for Appellant.
 Michael W. Carey, United States Attorney, Michael L. Keller, Assistant United States Attorney, Charleston, West Virginia, for Appellee.
 S.D.W.Va.
 AFFIRMED.
 Before PHILLIPS, WILKINS, and HAMILTON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Danny R. Blankenship appeals from the district court's order imposing an enhanced sentence pursuant to 18 U.S.C.s 924(e)(1) (1988). The enhanced sentence was imposed after Blankenship was convicted of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (1988). Blankenship argues that the district court improperly considered his prior state convictions for burglary and breaking and entering as a basis for the enhanced sentencing. Because we find that Blankenship's indictment specifically charged him with unauthorized entry, we affirm the sentence.
 
 I.
 
 2
 Blankenship was charged by a federal grand jury and pled guilty to one count of violating 18 U.S.C. § 922(g)(1). The indictment noted that, if convicted, the United States would seek an enhanced sentence pursuant to 18 U.S.C. § 924(e)(1), which requires a minimum mandatory sentence of fifteen years imprisonment. Blankenship's criminal history was undisputed. Previously, he was convicted of two counts of burglary, see W. Va. Code § 61-3-11 (1989), and one count of breaking and entering. See W. Va. Code § 61-3-12 (1989).[1]
 
 
 3
 After considering Blankenship's criminal record, the district court sentenced him as an armed career criminal, pursuant to § 924(e), to imprisonment for 235 months, supervised release for five years, a fine of $15,000, and a special assessment of $50.
 
 
 4
 Blankenship argues that the district court erroneously ruled that his West Virginia convictions constituted "burglaries" as defined by § 924(e). On appeal, he contends that the statutory definitions of these crimes do not fall within the definition of "generic" burglary outlined by the Supreme Court in Taylor v. United States, 495 U.S. 575 (1990).[2] We disagree. We need not resolve whether these statutes require an unlawful or unauthorized entry because it is clear that the indictments to which Blankenship pled guilty specifically allege unlawful entry.
 
 II.
 
 5
 Blankenship's previous convictions clearly fall within Taylor 's definition of burglary because his indictments contained specific allegation of unlawful entry. Blankenship argues that the district court erred in looking at his indictment for the elements of the charge. We disagree. The definition of burglary in Taylor is readily met where, as here, there was a breaking into a building. United States v. Bowden, 975 F.2d 1080 (4th Cir. 1992).
 
 
 6
 Although Taylor held that the generic definition of burglary was to be applied categorically, the Court also recognized that a district court could examine the charging paper and jury instruction to insure that the crime was within the Court's definition. Taylor, 495 U.S. at 602; see also United States v. Dunn, 946 F.2d 615, 620 (9th Cir.), cert. denied, 112 S. Ct. 401 (1991); United States v. Garza, 921 F.2d 59, 60 (5th Cir.), cert. denied, 112 S. Ct. 91 (1991); United States v. Lane, 909 F.2d 895, 902 (6th Cir. 1990), cert. denied, 111 S. Ct. 977 (1991). Since Blankenship's indictments specifically charged him with unlawful entry, his prior convictions clearly fall within the category of violent felonies under Taylor.
 
 
 7
 We therefore affirm the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 [1]
 The indictments to which Blankenship pled guilty specifically alleged unlawful entry. The indictment in case no. 87-F-6 alleged that Blankenship committed a burglary "by unlawfully and feloniously breaking a window in a rear door and reaching through unlocking the door." The indictment in case no. 87-F-7 alleged that Blankenship committed burglary "by unlawfully and feloniously knocking out a back window and entering [an] occupied dwelling house." And the indictment in case no. 87-F-8 alleged that Blankenship committed a breaking and entering "by unlawfully and feloniously prying open a window and cutting a hasp off of side door and entering a stone-masonry building and a metal building."
 
 
 [2]
 The Armed Career Criminal provision provides sentence enhancement for persons previously convicted of violent felonies. Included in the statute's definition of violent felony is burglary. However, the statute does not define "burglary." The Supreme Court resolved a split in the circuit courts of appeal and defined burglary in Taylor