60 F.3d 826
NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Mary Elizabeth HILL, Defendant-Appellant.
 No. 94-5802.
 United States Court of Appeals, Fourth Circuit.
 Submitted: February 28, 1995.
Decided: July 6, 1995.
 
 Hunt L. Charach, Federal Public Defender, Gerald M. Needham, Assistant Federal Public Defender, Charleston, WV, for Appellant. Rebecca A. Betts, United States Attorney, Philip J. Combs, Assistant United States Attorney, Charleston, WV, for Appellee.
 Before WIDENER, WILKINSON, and MICHAEL, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Appellant appeals from the district court judgment convicting her of being a felon in possession of a firearm, pursuant to 18 U.S.C.A. Secs. 922(g)(1), 924(a)(2) (West 1976 & Supp.1994). Appellant entered a guilty plea to the charge but reserved her right to appeal the district court's denial of her motion to suppress the firearm. Specifically, Appellant contends that the firearm found in her possession, and used in her conviction, was obtained by an unconstitutional search of her automobile in violation of her Fourth Amendment rights.
 
 
 2
 Appellant filed a motion to suppress evidence, a .38 caliber semiautomatic pistol, which was taken from her vehicle and used as the evidentiary ground for Appellant's underlying conviction. At the suppression hearing, the district court found the following facts by a preponderance of the evidence: the arresting officer initiated the stop of Appellant's vehicle because Appellant passed him at a high rate of speed, in excess of the posted speed limit; after Appellant's vehicle stopped, the officer's vehicle was located five to eight feet behind Appellant's vehicle; while still in his vehicle the officer observed Appellant lean over the front seat of her car to the floor area of the passenger side and, after a second or two, she sat upright; as the officer exited his vehicle so did Appellant; as Appellant approached the officer she had some documents in her hand; as the two moved toward each other, the officer asked Appellant for her driver's license and registration card; the officer did not pause to receive the requested documents, however, but continued to walk toward Appellant's vehicle, as he wished to make a protective search of the vehicle based upon his observation of Appellant's leaning over toward the passenger side floor of her car; as he undertook to pass by Appellant, she moved in the same direction as him, which tended to block his path; the officer interpreted Appellant's movement to block him as further evidence that she was attempting to hide a weapon in her vehicle; at the time of Appellant's blocking movement, the officer recognized Appellant as a convicted murderer and as a homicide suspect;[1]having in mind that the police assistance for which he requested would not arrive for some time, and having viewed a cigar box protruding from underneath the passenger-side seat, the officer opened the door of Appellant's vehicle and lifted the box and concluded from its weight and metallic sound within that there likely was a weapon inside the box; he then set the box on the floor of the passenger side of the vehicle and opened it to see a loaded .380 caliber semiautomatic pistol. Out of concern for his own safety the officer kept Appellant in view throughout the stop and had one hand at his own weapon, having unsnapped the holster so he could retrieve it immediately.
 
 
 3
 Factual findings of a district court which relate to legal conclusions are reviewed for clear error; application of the law to the factual findings is reviewed de novo. United States v. Rusher, 966 F.2d 868, 873 (4th Cir.), cert. denied, 113 S.Ct. 351 (1992).
 
 
 4
 The Supreme Court in Michigan v. Long determined the constitutional parameters of a "protective sweep" of an automobile:
 
 
 5
 [T]he search of the passenger compartment of an automobile, limited to those areas in which a weapon may be placed or hidden, is permissible if the police officer possesses a reasonable belief based on "specific and articulable facts which, taken together with the rational inferences from those facts, reasonably warrant" the officer in believing that the suspect is dangerous and the suspect may gain immediate control of weapons.
 
 
 6
 Michigan v. Long, 463 U.S. 1032, 1049 (1983) (quoting Terry v. Ohio, 392 U.S. 1, 21 (1968)). " '[T]he issue is whether a reasonably prudent man in the circumstances would be warranted in the belief that his safety or that of others was in danger.' " Michigan v. Long, 463 U.S. at 1050 (quoting Terry v. Ohio, 392 U.S. at 27). Protective sweeps are permissible on less than probable cause because they are limited in scope to that which is necessary to protect the safety of officers. Maryland v. Buie, 494 U.S. 325, 335 n. 3 (1990). "It is a hallmark of Fourth Amendment jurisprudence that the possibility of a threat to the safety of law enforcement officers may constitute exigent circumstances justifying a warrantless search or seizure." United States v. Legg, 18 F.3d 240, 244 (4th Cir.), cert. denied, 62 U.S.L.W. 3861 (U.S.1994) (citation omitted). The sole justification of the search is the protection of the police officer and others nearby. Terry v. Ohio, 392 U.S. at 29.
 
 
 7
 Based upon the facts adduced at the hearing, the district court correctly determined that the arresting officer possessed an objectively reasonable belief, based upon specific and articulable facts, that Appellant was potentially dangerous at the time he searched the passenger-side area of Appellant's car. The officer had several specific, articulable facts that support a reasonable belief that Appellant was dangerous. First, the officer saw Appellant lean over to the floor area in front of the passenger seat.[2] Second, Appellant's movement to block the officer's view of the car's interior reasonably added to the officer's suspicion that Appellant was trying to conceal something from him. Third, once the officer recognized Appellant as both a felon convicted of murdering another by gunshot and as a person who had recently reported a dead body, with gunshot wounds, in her apartment, it is entirely understandable and reasonable that the officer's fear that Appellant might have hidden a weapon in the vehicle was increased. Fourth, after the officer picked up the cigar box, the weight and the metallic sound of the contents further bolstered the officer's suspicion that Appellant was to conceal a weapon. Finally, with reference to the officer's state of mind, it is revealing that he had one hand at his weapon at all times, having unsnapped the holster, and that he kept Appellant in constant view. The officer possessed a reasonable belief that his safety was in danger and that Appellant had tried to conceal a weapon under the passenger seat of her car. Accordingly, we affirm the district court.
 
 
 8
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 [1]
 The officer normally was assigned to the investigation of homicides. In that capacity, he was personally involved in the investigation of the facts resulting in Apellant's second degree murder conviction and an ongoing investigation of a body found in Appellant's apartment that had been shot. (J.A. at 14, 53-4)
 
 
 [2]
 Other courts have considered such "furtive gesture" as evidence that a suspect was trying to conceal a weapon. See United States v. Evans, 994 F.2d 317, 320-21 (7th Cir.), cert. denied, 114 S.Ct. 335 (1993) (warrantless search upheld because defendant stopped his car in a high crime area and was observed making a furtive gesture (placing or retrieving something under his seat)); United States v. Colin, 928 F.2d 676, 678 (5th Cir.1991) (observation that suspect was stooping down and moving from side to side in seat may form basis for belief suspect may be armed); United States v. Nash, 876 F.2d 1359, 1361 (7th Cir.1989), cert. denied, 493 U.S. 1084 (1990)