IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-50289
Summary Calendar

_____

UNITED STATES OF AMERICA,

                                    Plaintiff-Appellee,

versus

JEVON LEANDER BELL,

                                    Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
USDC No. MO-96-CR-105-1
- - - - - - - - - -
January 19, 1998

Before JOLLY, JONES, and SMITH, Circuit Judges.

PER CURIAM:[*]

Jevon Leander Bell appeals the district court's denial of his motion to suppress evidence. Bell was subject to a weapons pat-down after police officers stopped the vehicle in which he was a passenger because one of its occupants was not wearing a seat belt. During the pat-down, the officers located a package containing crack cocaine. Bell argues that the pat-down was not justified because he presented no danger to the officers.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The officers articulated specific facts supporting their belief that Bell was armed and dangerous.  See Terry v. Ohio, 392 U.S. 1, 22-24, 27 (1968); United States v. Baker, 47 F.3d 691, 693 (5th Cir. 1995).  Bell appeared nervous and was observed making furtive movements in the vehicle as if trying to hide something.  See United States v. Colin, 928 F.2d 676, 678 (5th Cir. 1991); United States v. Garza, 921 F.2d 59, 59-60 (5th Cir. 1991).  Additionally, the officers recognized Bell through previous investigations as an individual involved in drug trafficking, drive-by shootings, and gang activity.  See, Garza, 921 F.2d at 59-60.

During the pat-down, the officers discovered a package hidden in Bell's trousers.  Upon feeling the size and shape of the package, it was immediately apparent to the officers that it contained crack cocaine; thus probable cause to believe that Bell possessed contraband arose during the course of the weapons pat-down.  See Minnesota v. Dickerson, 508 U.S. 366, 375-76 (1993); United States v. Cooper, 43 F.3d 140, 148 (5th Cir. 1995).  The continued search of Bell's person was valid as a search pursuant to arrest.  United States v. Ho, 94 F.3d 932, 935 (5th Cir. 1996).

The district court did not err in denying Bell's motion to suppress.

AFFIRMED.