IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-40678
(Summary Calendar)
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JEFFREY EARL PUGH,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
(1:99-CR-158-ALL)
--------------------
March 5, 2001

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Jeffrey Earl Pugh argues that the district court erred in denying his motion to suppress evidence seized from his person following a traffic stop of a vehicle in which he was a passenger. Pugh argues that the pat-down search of his person for weapons was not based on a reasonable suspicion and that the officer engaged in prolonged and repeated searches prior to finding crack cocaine in his trousers. He insists that the search went beyond the scope of an investigative stop authorized by Terry v. Ohio, 392 U.S. 1 (1968).

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Viewing the evidence in the light most favorable to the government, Pugh's furtive movements while seated in a car that was being stopped late at night in a high crime area, considered in conjunction with Pugh's recent arrest by the same officers for drug trafficking, constituted articulable facts that were sufficient to support a reasonable suspicion that the officers' safety was endangered.  See United States v. Rideau, 969 F.2d 1572, 1575 (5th Cir. 1992) (en banc); United States v. Garza, 921 F.2d 59, 59-60 (5th Cir. 1991).

If a weapons search is lawfully made pursuant to Terry, officers may seize nonthreatening contraband detected during the protective pat-down if the officer is able to ascertain the identity of the contraband when he initially touches the object. See Minnesota v. Dickerson, 508 U.S. 366, 373, 375-76 (1993). The evidence presented by the government reflected that while conducting the pat-down search of Pugh's clothing, the officer touched an obvious bulge in the back of Pugh's trousers; and, based on the officer's experience, he immediately knew that the object was a lump of crack cocaine.  At that point, the officer had probable cause to believe that Pugh was in possession of contraband, so he was entitled to make an arrest and seize it.  See United States v. Cooper, 43 F.3d 140, 148 (5th Cir. 1995).

In addition, the search was valid as an incident to Pugh's lawful arrest for resisting the search in violation of Texas law. See Texas Penal Code Ann. § 38.03 (West Supp. 2001); United States v. Hernandez, 825 F.2d 846, 852 (5th Cir. 1987).

2

The district court did not err in denying the motion to suppress.

AFFIRMED.