**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**April 23, 2003**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 02-31148
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JEROME LANG JACKSON,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 01-CR-32-ALL-C
--------------------

Before REAVLEY, BARKSDALE and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Jerome Lang Jackson appeals his conviction following a jury trial for being a felon in possession of a firearm. He argues that the district court erred in denying his motion to suppress the firearm found and his statements made to an officer following an allegedly invalid investigative stop of his vehicle. He also asserts that his statements were not voluntarily given.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The evidence presented at the suppression hearing and trial show that the officer had probable cause to believe that Jackson had violated traffic laws by parking his vehicle in the middle of the roadway and subsequently proceeding down the road without headlights.  Thus, the decision to stop the vehicle was reasonable.  See Whren v. United States, 517 U.S. 806, 810 (1996).  His further detention was justified by the discovery of the firearm and the information that he was a convicted felon. See United States v. Colin, 928 F.2d 676, 677 (5th Cir. 1991).

Insofar as Jackson challenges the voluntariness of his statements, the record reflects that Jackson voluntarily provided inculpatory statements prior to being arrested and after being placed in custody and advised of his rights under Miranda v. Arizona, 384 U.S. 436 (1966).  There was no evidence that any of his statements were made as the result of any form of coercion. Thus, the record supports the district court's determination that the statements were voluntarily made.  See United States v. Mullin, 178 F.3d 334, 341 (5th Cir. 1999); United States v. Medina, 887 F.2d 528, 532 (5th Cir. 1989).

Jackson also argues that the evidence was not sufficient for a reasonable trier of fact to find beyond a reasonable doubt that he possessed the firearm found in his vehicle.  Jackson admitted to the officer that the firearm belonged to him and that he was using it for self-protection.  The weapon was in his actual possession at the time of the stop.  The jury apparently did not

find credible Yolanda Jackson's testimony that she accidently left the weapon in Jackson's vehicle. This finding is entitled to great deference. <u>United States v. Casilla</u>, 20 F.3d 600, 602 (5th Cir. 1994).

Viewing the evidence in the light most favorable to the verdict, a reasonable trier of fact could have found that the evidence established beyond a reasonable doubt that Jackson had been convicted of a felony and that he was in possession of a firearm that had a nexus with interstate commerce. Thus, the evidence was sufficient to sustain his conviction. <u>See</u> <u>United States v. Ortega-Reyna</u>, 148 F.3d 540, 543 (5th Cir. 1998); 18 U.S.C. § 922(g)(1).

AFFIRMED.