2) Caption, civil cases










COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS





CHAD ERNEST DEAN,


 Appellant,


v.


THE STATE OF TEXAS,


 Appellee.
§


 


§


 


§


 


§


 


§


 


 § 


No. 08-01-00457-CR



Appeal from the


358th District Court


of Ector County, Texas 


(TC# D-28,423) 


M E M O R A N D U M O P I N I O N


 Chad Ernest Dean appeals his conviction for possession of methamphetamine in an
amount over one gram but less than four grams. In two issues, he complains of the trial
court's denial of his motion to suppress evidence based upon an illegal arrest and the court's
refusal to grant a limiting instruction on Appellant's marijuana conviction. We affirm.

 I

 An Ector County Deputy Sheriff was dispatched to a domestic disturbance. He called
for backup and patted down Appellant when other officers arrived, in order to check for
weapons. During the pat down, a plastic container with two marijuana roaches fell to the
ground. Appellant then asked for a cigarette, handed the Marlboro box to the officer, and it
contained a marijuana cigarette. Appellant was detained while the house was searched, then
arrested for possession of marijuana. After being transported to the Law Enforcement
Center, a search of the previously clean patrol car produced the methamphetamine. 

 Appellant was found guilty by a jury of the methamphetamine offense and was
sentenced to four (4) years in the penitentiary. 

 II

 We review a motion to suppress evidence by both an abuse of discretion and de novo
standards. Guzman v. State, 955 S.W.2d 85, 87-91 (Tex. Crim. App. 1997). Purely factual
questions, based upon evaluation of credibility and demeanor of witnesses, requires
application of the abuse of discretion standard. Id. at 89. Mixed questions of law and fact,
not dependent on credibility or demeanor, are reviewed de novo. Id. We examine the
evidence in the light most favorable to the trial court's ruling. State v. Ross, 32 S.W.3d 853,
855 (Tex. Crim. App. 2000). In a suppression hearing, the trial court is the sole finder of
fact. Pace v. State, 986 S.W.2d 740, 744 (Tex. App.--El Paso 1999, pet. ref'd). The trial
judge may believe or disbelieve any of the evidence presented. Id.at 744. The totality of
circumstances is considered in determining whether the trial court's findings are supported
by the record. In re D.A.R., 73 S.W.3d 505, 509 (Tex. App.--El Paso 2002) (citing Brewer
v. State, 932 S.W.2d 161, 166 (Tex. App.--El Paso 1996, no pet.).



 III

 In his first issue, Appellant asserts the trial court erred in denying his motion to
suppress because the officer failed to articulate why he felt his safety was in danger. He
argues a review of the totality of the circumstances does not justify the pat down and frisk. 
He argues from Terry that an investigatory detention and protective pat down is justified
when an officer "observes unusual conduct which leads him reasonably to conclude in light
of his experience that criminal activity may be afoot and that the persons with whom he is
dealing may be armed and presently dangerous . . . " See Terry v. Ohio, 392 U.S. 1, 30, 88
S.Ct. 1868, 20 L.Ed.2d 889 (1968). He urges the officer's testimony that the frisk was done
for the officer's safety and to make sure there were not any weapons. This amounts to an
inchoate or unparticularized suspicion or hunch. See Terry 392 U.S. at 22. He continues,
an officer may pat down an individual only if his suspicions of dangerousness are directed
toward the subject of the pat down. See United States v. Rideau, 949 F.2d 718, 721 (5th Cir.
1991). However, an en banc panel of the Fifth Circuit reversed this decision. United States
v. Rideau, 969 F.2d 1572, (5th Cir. 1992). In a split decision, that court observed:

 In assessing the reasonableness of an officer's actions, "it is imperative that the
facts be judged against an objective standard: would the facts available to the
officer at the moment of the seizure or the search 'warrant a man of reasonable
caution in the belief' that the action taken was appropriate?" Terry, 392 U.S.
at 22, 88 S.Ct. at 1880 (citations omitted). The officer's state of mind, or his
stated justification for his actions, is not the focus of our inquiry. See
Maryland v. Macon, 472 U.S. 463, 470-71, 105 S.Ct. 2778, 2782-83, 86
L.Ed.2d 370 (1985); Scott v. United States, 436 U.S. 128, 138-39, 98 S.Ct.
1717, 1723-24, 56 L.Ed.2d 168 (1978); United States v. Colin, 928 F.2d 676,
678 (5th Cir.1991). As long as all the facts and circumstances, viewed
objectively, support the officer's decisions, the Fourth Amendment is satisfied.
We must attempt to put ourselves in the shoes of a reasonable police officer as
he or she approaches a given situation and assesses the likelihood of danger in
a particular context.


 Id. at 1574. It seems to us the court clearly articulates an objective standard.

 The State makes a persuasive argument that Appellant has waived both issues because
of his total failure to cite the reporter's record. While this argument is true under Tex. R.
App. P. 38.1(h), we find that additional briefing to correct Appellant counsel's shortcomings
are not necessary in this particular case. Tex. R. App. P. 38.9(b).

 The State argues generally that a pat down search in the wee hours of the morning at
the scene of an alleged domestic disturbance is justified. It cites no material authority. Our
own analysis begins with the observation of the State that this is a domestic violence
situation. The purpose of the pat down is to protect an officer's safety. O'Hara v. State, 27
S.W.3d 548, 554-55, (Tex. Crim. App. 2000). Sometimes, even when an officer erroneously
conducts the pat-down as a matter of routine, the objective facts will nevertheless justify the
pat down. Id. at 554. However, here the officer clearly stated that at a domestic disturbance,
one officer would stay with the person causing the domestic disturbance and another officer
would go inside and talk with the wife. The officer did a pat down, not a search, "for our
safety." "We decided to frisk him and make sure there wasn't any weapons on him." The
Terry court observed that it would be unreasonable to require that police officers take
unnecessary risks in the performance of their duties. Terry, 392 U.S. at 23. The Supreme
Court has specifically recognized "the inordinate risk confronting an officer as he approaches
a person seated in an automobile." Pennsylvania v. Mimms, 434 U.S. 106, 110, 98 S.Ct. 330,
54 L.Ed.2d 331 (1977). If there exists an inordinate risk confronting an officer as he
approaches a citizen seated in a sedan, a fortiori, how much greater is the danger in
approaching the scene of a domestic disturbance. This is especially so late at night (2:06
a.m.). In a domestic disturbance an officer has every reason to suspect foul play. See id. at
109. While the officer's testimony articulating the need for the frisk standing alone is weak,
the officer's concern for his safety when conducting the frisk was objectively reasonable in
light of the circumstances. Carmouche v. State, 10 S.W.3d 323, 330 (Tex. Crim. App. 2000). 
The objective facts justify the pat down. O'Hara 27 S.W.3d 554-55. Appellant's first issue
is overruled.

 Next Appellant complains the trial court erred in refusing to grant Appellant's request
for a limiting instruction on the marijuana evidence. He argues that a defendant should be
tried, not for other crimes and wrongs or the type of person he is, but for the offense for
which he stands accused. He cites Mayes v. State 816 S.W.2d 79, 86 (Tex. Crim. App. 1991). 
We agree. Physical evidence regarding Appellant's misdemeanor marijuana conviction was
admitted during his methamphetamine trial. However, as the State aptly notes, when this
evidence was admitted, Appellant did not object on the grounds of extraneous offenses or
relevance. Rather Appellant objected: "Your Honor, we have previously made objections. 
We would reserve those objections but without any others." We can only assume this trial
objection referred to the motion to suppress. The basis of the motion to suppress was a
search without probable cause or warrant. Nor did Appellant request limiting instructions
when the evidence was introduced. We may not reverse a trial court's decision on new
theories of law not previously presented to that court for its consideration. State v. Mercado,
972 S.W.2d 75, 77 (Tex. Crim. App. 1998).

 Appellant did request a limiting instruction in the jury charge. This is too late because
the jury has already considered the evidence. Hammock v. State, 46 S.W.3d 889, 895 (Tex.
Crim. App. 2001). Because the evidence was considered for all purposes by the jury, a
limiting instruction on the evidence in the charge was not warranted. Id. Appellant's second
issue is overruled.

 The judgment of the trial court is affirmed.

November 21, 2003

 

 DON WITTIG, Senior Justice



Before Panel No. 5

Larsen, McClure, and Wittig, JJ.

(Wittig, J., sitting by assignment)


(Do Not Publish)