# United States Court of Appeals

## For the First Circuit

No. 04-2075

UNITED STATES OF AMERICA,

Appellee,

v.

KEITH BARBOZA,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. William G. Young, U.S. Chief District Judge]

Before

Boudin, Chief Circuit Judge,

Torruella, Circuit Judge,

and Baldock,[*] Senior Circuit Judge.

Theodore B. Heinrich, Assistant U.S. Attorney, with whom Michael J. Sullivan, U.S. Attorney, was on brief for appellee.

Randolph M. Gioia was on brief for appellant.

June 15, 2005

---

[*] Of the Tenth Circuit Court of Appeals, sitting by designation.

**BALDOCK, <u>Senior Circuit Judge</u>**.  We address a single issue in this appeal:  Whether, during an initial pat-down for weapons, an officer's insertion of his index finger into the instep of a suspect's "mid-top" sneaker exceeded the proper scope of a protective search.

I.

The relevant facts are undisputed.  Boston police officers witnessed Defendant speaking with suspected gang members on a street in Boston known for gang violence.  Moments later, during an investigatory stop (the legality of which Defendant does not challenge), Defendant identified himself to police officers as Keith Barboza.  Officer Robert Fratalia recognized Defendant's name based on police intelligence as that of a gang-affiliated individual who routinely carried a firearm.  Based on his knowledge, Officer Fratalia commenced a pat-down search of Defendant.  A pat-down of Defendant's outer clothing, including his shoes, was unremarkable.  Officer Fratalia next ran his index finger between Defendant's ankle (the record is unclear as to which ankle) and the inside of Defendant's mid-top sneaker.  Officer Fratalia did so as a result of a past experience in which he discovered a handgun concealed in the shoe of a suspect already in custody.  Officer Fratalia felt a hard metal object between the sole of Defendant's shoe and his foot which the officer believed to be a firearm.  A search of Defendant's shoe uncovered a .25

-2-

caliber, semi-automatic pistol loaded with eight rounds of ammunition.

Defendant was indicted for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). Following the district court's denial of his motion to suppress, Defendant entered a conditional guilty plea. The district court sentenced Defendant to seventy months imprisonment and he appealed. Our jurisdiction arises under 28 U.S.C. § 1291. We review the district court's determination that Officer Fratalia acted reasonably when he inserted his index finger into the instep of Defendant's sneaker de novo. See United States v. Sargent, 319 F.3d 4, 8 (1st Cir. 2003). Applying this standard, we affirm.

## II.

The Fourth Amendment does not require police officers to take unnecessary risks in the performance of their duties. The purpose of a protective search in the absence of probable cause is not to discover evidence of a crime, but to neutralize the threat of physical harm to police officers and others. See United States v. Nee, 261 F.3d 79, 84-85 (1st Cir. 2001). To determine whether a protective search of a person violated the Fourth Amendment (i.e., was objectively unreasonable) in the absence of probable cause, a court asks whether the officer's actions were reasonably related in scope to the circumstances that justified the initial lawful detention. See Terry v. Ohio, 392 U.S. 1, 19-20 (1968).

-3-

"Limited searches of a person for weapons are constitutionally permissible adjuncts to a Terry stop if 'a reasonably prudent man in the circumstances would be warranted in the belief that his safety or that of others was in danger.'" Nee, 261 F.3d at 83 (emphasis added) (quoting Terry, 392 U.S. at 27). Necessarily then, courts develop the limitations which the Fourth Amendment places upon protective searches "in the concrete factual circumstances of individual cases." Terry, 392 U.S. at 29.

III.

Defendant argues Officer Fratalia's concern about a weapon hidden in his shoe was unreasonable and did not justify extending the search beyond a pat-down of his outer clothing. According to Defendant, his weapon posed no danger to the officers because it was not "readily accessible." To be sure, Officer Fratalia acknowledged at the suppression hearing that Defendant would have had to remove his shoe to access the weapon. The problem with Defendant's argument is that when Officer Fratalia placed his finger into the instep of Defendant's mid-top sneaker, he did not know the weapon was "inaccessible." What Officer Fratalia did know based upon the surrounding facts and circumstances, and the inferences to be drawn therefrom, was that Defendant might well be armed. See id. at 21. Officer Fratalia's belief was objectively reasonable. See id. As the Supreme Court explained in Michigan v. Long, 463 U.S. 1032 (1983), a case

-4-

extending the lawful scope of a protective search to a vehicle's passenger compartment:

> When the officer has a reasonable belief "that the individual whose suspicious behavior he is investigating at close range is armed and presently dangerous to the officer or to others, it would appear to be clearly unreasonable to deny the officer the power to take necessary measures to determine whether the person is in fact carrying a weapon . . . ."

Id. at 1047 (quoting Terry, 392 U.S. at 24).

Officer Fratalia's minimally intrusive search of Defendant's sneaker for the purpose of locating a concealed weapon was not unreasonable merely because Defendant might have been fractionally delayed in employing it against the officers or others. As the district court noted, Defendant might have placed the weapon in the side of his sneaker, making it readily accessible. Moreover, Defendant could have fled from the officers and, in so doing, retrieved the weapon from his shoe. See id. at 1051. In addition, if Officer Fratalia had not placed Defendant under arrest, Defendant would have been free to go, providing him once again with ready access to his weapon. See id. at 1052. We hold under the totality of the circumstances of this case that Officer Fratalia's insertion of his index finger into the instep of the Defendants mid-top sneaker did not exceed the proper scope of his protective search.

AFFIRMED.