United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 11, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-50224
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHARLES JAMES JONES, JR.,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
(6:04-CR-183-1)
--------------------

Before JONES, WIENER, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Following a bench trial on stipulated facts, Defendant-Appellee Charles James Jones, Jr. was convicted of one count of being a felon in possession of a firearm. Jones appeals the district court's denial of his pretrial motion to suppress evidence.

Jones contends that the warrantless search of his vehicle, which revealed marijuana under the passenger's seat, was not based on probable cause and thus violated the Fourth Amendment. He argues that the firearm, which was discovered pursuant to a

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

subsequent inventory search of the vehicle, should be suppressed as the fruit of the poisonous tree. The government responds that the search of the space under the passenger's seat was based on reasonable suspicion and was therefore not in violation of the Fourth Amendment.

An area search of a vehicle is limited to seeking weapons and requires that the officer conducting the search "have an articulable suspicion that the suspect is potentially dangerous." Michigan v. Long, 463 U.S. 1032, 1052 n.16 (1983); see Terry v. Ohio, 392 U.S. 1, 27 (1968). Whether reasonable suspicion exists is fact-intensive, and each case is examined in light of the totality of circumstances known to the agent conducting the search and his experience in evaluating such circumstances. United States v. Villalobos, 161 F.3d 285, 288 (5th Cir. 1998).

The testimony at the suppression hearing showed that officers detected a strong smell of deodorant when they were approaching Jones's vehicle after stopping it for traffic violations. In their experience, such a smell is used to mask other odors. The officers also saw the passenger bend over and reach under the seat, a space where weapons may be concealed and are easily accessible. Further, the passenger was angry and confrontational, and refused to leave the passenger's seat until one of the officers produced pepper spray.

Viewing this evidence in the light most favorable to the prevailing party, see United States v. Laury, 985 F.2d 1293, 1314

2

(5th Cir. 1993), we conclude that the government met its burden of showing that this warrantless search of the space under the passenger's seat was permissible.  See Long, 463 U.S. at 1050; Coolidge v. New Hampshire, 403 U.S. 443, 455 (1971); United States v. Colin, 928 F.2d 676, 677 (5th Cir. 1991).  The judgment of the district court is

AFFIRMED.