United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 10, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————————

No. 04-40045
Summary Calendar

———————————————

UNITED STATES OF AMERICA,

                                    Plaintiff-Appellee,

versus

GEORGE ALBERTO VARELA-MEDINA,

                                    Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:03-CR-1319-ALL
--------------------

Before DAVIS, SMITH and DENNIS, Circuit Judges

PER CURIAM:[*]

George Alberto Varela-Medina ("Varela") appeals the sentence imposed following his guilty-plea conviction for illegal reentry following deportation, in violation of 8 U.S.C. § 1326. He argues that the district court erred in imposing a 12-point enhancement, pursuant to U.S.S.G. § 2L1.2(b)(1)(B), based on the determination that his prior felony conviction under California Health and Safety Code § 11352(a) was a "drug-trafficking offense" within the meaning of the guideline. Varela contends

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that the statute of conviction is overly broad, criminalizing behavior such as simple possession, and cannot support the enhancement under U.S.S.G. § 2L1.2(b)(1)(B).  To the extent that Varela seeks reversal of his sentence based on a categorical rejection of a § 11352(a) offense as a "drug-trafficking offense" for purposes of U.S.S.G. § 2L1.2(b)(1)(B), his argument is without merit.  See United States v. Rodriquez-Duberney, 326 F.3d 613, 617 (5th Cir.), cert. denied, 124 S. Ct. 259 (2003).

Because Varela did not object in the district court to the legal sufficiency of the PSR to sustain the enhancement, review as to this issue is for plain error only.  See United States v. Calverley, 37 F.3d 160, 162-64 (5th Cir. 1994)(en banc).  Even if the district court erred in relying on the legally inadequate PSR to sustain the enhancement, Varela cannot show that the error affected his substantial rights so as to establish plain error because the uncontested record evidence demonstrates that his prior conviction was for selling cocaine; the record lacks any evidence that he merely possessed cocaine.  Cf. United States v. Martinez-Cortez, 988 F.2d 1408, 1416 & n.37 (5th Cir. 1993).

Varela additionally contends, also for the first time on appeal, that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b)(1) and (2) are unconstitutional in the light of Apprendi v. New Jersey, 530 U.S. 466 (2000), and Blakely v. Washington, 124 S. Ct. 2531 (2004).  He concedes that his argument is foreclosed by Almendarez-Torres v. United States, 523

U.S. 224, 239-47 (1998), but he seeks to preserve it for possible Supreme Court review.

Apprendi did not overrule Almendarez-Torres. See Apprendi, 530 U.S. at 489-90; United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000). Inasmuch as Varela argues that Blakely invalidates the Sentencing Guidelines, his argument is foreclosed. See United States v. Pineiro, 377 F.3d 464, 465-66 (5th Cir. 2004), petition for cert. filed (July 14, 2004) (No. 04-5263).

The district court's judgment is AFFIRMED.