**UNITED STATES of America,
Plaintiff–Appellee**

v.

**George Alberto VARELA–MEDINA,
Defendant–Appellant.**

**No. 04–40045.**

**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Decided Jan. 25, 2006.

James Lee Turner, Assistant U.S. Attorney, John Richard Berry, Assistant U.S. Attorney, U.S. Attorney's Office Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Timothy William Crooks, Assistant Federal Public Defender, Marjorie A. Meyers, Federal Public Defender, Federal Public Defender's Office Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before DAVIS, SMITH and DENNIS, Circuit Judges.

## ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

PER CURIAM: *

In our previous opinion in this case, we affirmed Defendant–Appellant Varela–Medina's conviction and sentence, and found no error in interpretation or application of the Sentencing Guidelines. *See United States v. Varela–Medina,* 117 Fed. Appx. 960 (5th Cir.2004)(unpublished). Following our judgment, Varela–Medina filed a petition for certiorari. The Supreme Court granted Varela–Medina's petition for certiorari, vacated our judgment, and remanded the case to this court for further consideration in light of *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). We now reconsider the matter in light of *Booker* and decide to reinstate our previous judgment affirming Varela–Medina's conviction and sentence.

 Appellant raised a *Booker*-related objection for the first time on direct appeal. Because Varela–Medina did not raise a *Booker* objection in trial court, however, the claim would fail under the plain-error test discussed in *United States v. Mares,* 402 F.3d 511, 520–22 (5th Cir. 2005). The district court sentenced Varela–Medina at the bottom of the Guideline range but gave no indication that it would have imposed a lesser sentence had the Guidelines been advisory. *See United States v. Bringier,* 405 F.3d 310 (5th Cir. 2005).

Varela–Medina also asks us to reconsider our earlier conclusion that the trial court did not plainly err in imposing the 2L1.2(b)(1)(B) enhancement under the Sentencing Guidelines. We fully considered Varela–Medina's argument in his first appeal and decline to reconsider it.

For the reasons stated above, our prior disposition remains in effect, and we RE-INSTATE OUR EARLIER JUDGMENT affirming Varela–Medina's conviction and sentence.

---

* Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

