United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 25, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 04-40045
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

GEORGE ALBERTO VARELA-MEDINA,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas

**ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES**

Before DAVIS, SMITH and DENNIS, Circuit Judges.

PER CURIAM:[*]

In our previous opinion in this case, we affirmed Defendant-Appellant Varela-Medina's conviction and sentence, and found no error in interpretation or application of the Sentencing Guidelines. See United States v. Varela-Medina, No. 04-40045, 117 Fed. Appx. 960 (5th Cir. 2004)(unpublished). Following our

---

[*]Pursuant to 5ᵀᴴ CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5ᵀᴴ CIR. R. 47.5.4.

-1-

judgment, Varela-Medina filed a petition for certiorari. The Supreme Court granted Varela-Medina's petition for certiorari, vacated our judgment, and remanded the case to this court for further consideration in light of United States v. Booker, 125 S. Ct. 738 (2005). We now reconsider the matter in light of Booker and decide to reinstate our previous judgment affirming Varela-Medina's conviction and sentence.

Appellant raised a Booker-related objection for the first time on direct appeal. Because Varela-Medina did not raise a Booker objection in trial court, however, the claim would fail under the plain-error test discussed in United States v. Mares, 402 F.3d 511, 520-22 (5th Cir. 2005). The district court sentenced Varela-Medina at the bottom of the Guideline range but gave no indication that it would have imposed a lesser sentence had the Guidelines been advisory. See United States v. Bringier, 405 F.3d 310 (5th Cir. 2005).

Varela-Medina also asks us to reconsider our earlier conclusion that the trial court did not plainly err in imposing the 2L1.2(b)(1)(B) enhancement under the Sentencing Guidelines. We fully considered Varela-Medina's argument in his first appeal and decline to reconsider it.

For the reasons stated above, our prior disposition remains in effect, and we REINSTATE OUR EARLIER JUDGMENT affirming Varela-Medina's conviction and sentence.